[No. C037369. Third Dist. Jan. 24, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
ANNE MARIE BRACH et al., Defendants and Appellants.

## COUNSEL

Linn Davis, under appointment of the Court of Appeal, for Defendant and Appellant Anne Marie Brach.

James L. Lozenski, under appointment of the Court of Appeal, for Defendant and Appellant William Sanford Gardner.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Stan Cross and Brian G. Smiley, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SIMS, Acting P. J.**—Defendants Anne Marie Brach and William Sanford Gardner pleaded guilty to cultivating marijuana (Health & Saf. Code, § 11358)[1] and possession of marijuana for sale (§ 11359). The trial court suspended imposition of sentence, placed defendants on probation, and ordered them to serve local jail terms.

At issue on appeal are conditions of probation requiring defendants to reimburse the Siskiyou County Sheriff's Department for expenses incurred in the eradication of defendants' marijuana. Defendants claim the People and

---

[1] All further undesignated statutory references are to the Health and Safety Code.

the trial court failed to comply with sections 11470.1 and 11470.2, which set forth the procedures for recovery of eradication expenses.[2] We conclude the claim is waived because neither defendant objected in the trial court. We shall therefore affirm the judgment.

[2]Section 11470.1 provides: "(a) The expenses of seizing, eradicating, destroying, or taking remedial action with respect to, any controlled substance or its precursors shall be recoverable from:

"(1) Any person who manufactures or cultivates a controlled substance or its precursors in violation of this division.

"(2) Any person who aids and abets or who knowingly profits in any manner from the manufacture or cultivation of a controlled substance or its precursors on property owned, leased, or possessed by the defendant, in violation of this division.

"(b) The expenses of taking remedial action with respect to any controlled substance or its precursors shall also be recoverable from any person liable for the costs of that remedial action under Chapter 6.8 (commencing with Section 25300) of Division 20 of the Health and Safety Code.

"(c) It shall not be necessary to seek or obtain a criminal conviction prior to the entry of judgment for the recovery of expenses. However, if criminal charges are pending against the defendant for the unlawful manufacture or cultivation of any controlled substance or its precursors, an action brought pursuant to this section shall, upon a defendant's request, be continued while the criminal charges are pending.

"(d) The action may be brought by the district attorney, county counsel, city attorney, the State Department of Health Services, or Attorney General. All expenses recovered pursuant to this section shall be remitted to the law enforcement agency which incurred them.

"(e)(1) The burden of proof as to liability shall be on the plaintiff and shall be by a preponderance of the evidence in an action alleging that the defendant is liable for expenses pursuant to paragraph (1) of subdivision (a). The burden of proof as to liability shall be on the plaintiff and shall be by clear and convincing evidence in an action alleging that the defendant is liable for expenses pursuant to paragraph (2) of subdivision (a). The burden of proof as to the amount of expenses recoverable shall be on the plaintiff and shall be by a preponderance of the evidence in any action brought pursuant to subdivision (a).

"(2) Notwithstanding paragraph (1), for any person convicted of a criminal charge of the manufacture or cultivation of a controlled substance or its precursors there shall be a presumption affecting the burden of proof that that person is liable.

"(f) Only expenses which meet the following requirements shall be recoverable under this section:

"(1) The expenses were incurred in seizing, eradicating, or destroying the controlled substance or its precursors or in taking remedial action with respect to a hazardous substance. These expenses may not include any costs incurred in use of the herbicide paraquat.

"(2) The expenses were incurred as a proximate result of the defendant's manufacture or cultivation of a controlled substance in violation of this division.

"(3) The expenses were reasonably incurred.

"(g) For purposes of this section, 'remedial action' shall have the meaning set forth in Section 25322.

"(h) For the purpose of discharge in bankruptcy, a judgment for recovery of expenses under this section shall be deemed to be a debt for willful and malicious injury by the defendant to another entity or to the property of another entity.

"(i) Notwithstanding Section 526 of the Code of Civil Procedure, the plaintiff may be granted a temporary restraining order or a preliminary injunction, pending or during trial, to restrain the defendant from transferring, encumbering, hypothecating, or otherwise disposing of any assets specified by the court, if it appears by the complaint that the plaintiff is entitled

FACTS

Police found hundreds of healthy and cut marijuana plants in a greenhouse operated by defendants. Police seized a total of 540 plants. Defendants were

---

to the relief demanded and it appears that the defendant may dispose of those assets to thwart enforcement of the judgment.

"(j) The Legislature finds and declares that civil penalties for the recovery of expenses incurred in enforcing the provisions of this division shall not supplant criminal prosecution for violation of those provisions, but shall be a supplemental remedy to criminal enforcement.

"(k) Any testimony, admission, or any other statement made by the defendant in any proceeding brought pursuant to this section, or any evidence derived from the testimony, admission, or other statement, shall not be admitted or otherwise used in any criminal proceeding arising out of the same conduct.

"(*l*) No action shall be brought or maintained pursuant to this section against a person who has been acquitted of criminal charges for conduct which may be the basis for an action under this section if, in the criminal action, there has been a finding of factual innocence by the court pursuant to standards set forth in subdivision (b) of Section 851.8 of the Penal Code."

Section 11470.2 provides: "(a) In lieu of a civil action for the recovery of expenses as provided in Section 11470.1, the prosecuting attorney in a criminal proceeding may, upon conviction of the underlying offense, seek the recovery of all expenses recoverable under Section 11470.1 from:

"(1) Any person who manufacturers or cultivates a controlled substance or its precursors in violation of this division.

"(2) Any person who aids and abets or who knowingly profits in any manner from the manufacture or cultivation of a controlled substance or its precursors on property owned, leased, or possessed by the defendant, in violation of this division. The trier of fact shall make an award of expenses, if proven, which shall be enforceable as any civil judgment. If probation is granted, the court may order payment of the expenses as a condition of probation. All expenses recovered pursuant to this section shall be remitted to the law enforcement agency which incurred them.

"(b) The prosecuting attorney may, in conjunction with the criminal proceeding, file a petition for recovery of expenses with the superior court of the county in which the defendant has been charged with the underlying offense. The petition shall allege that the defendant had manufactured or cultivated a controlled substance in violation of Division 10 (commencing with Section 11000) of the Health and Safety Code and that expenses were incurred in seizing, eradicating, or destroying the controlled substance or its precursors. The petition shall also state the amount to be assessed. The prosecuting attorney shall make service of process of a notice of that petition to the defendant.

"(c) The defendant may admit to or deny the petition for recovery of expenses. If the defendant admits the allegations of the petition, the court shall rule for the prosecuting attorney and enter a judgment for recovery of the expenses incurred.

"(d) If the defendant denies the petition or declines to admit to it, the petition shall be heard in the superior court in which the underlying criminal offense will be tried and shall be promptly heard following the defendant's conviction on the underlying offense. The hearing shall be held either before the same jury or before a new jury in the discretion of the court, unless waived by the consent of all parties.

"(e) At the hearing, the burden of proof as to the amount of expenses recoverable shall be on the prosecuting attorney and shall be by a preponderance of the evidence.

"(f) For the purpose of discharge in bankruptcy, a judgment for recovery of expenses under this section shall be deemed to be a debt for willful and malicious injury by the defendant to another entity or to the property of another entity."

charged with cultivating marijuana and possession of marijuana for sale. They subsequently reached a plea agreement with the prosecutor. Under the agreement, defendants pleaded guilty to the charges in exchange for guarantees they would receive probation.

Before sentencing, the trial court received probation reports concerning defendants. Both reports indicated that the Siskiyou County Sheriff's Department had incurred $1,195 in eradication expenses presumably in connection with the marijuana seized in this case. Both reports recommended that the trial court require defendants to reimburse the county for "[e]radication costs pursuant to Health and Safety Code section 11470.2 as conditions of probation."

At sentencing, neither defendant contested the recommended probation conditions concerning eradication expenses. Indeed, Brach's counsel asked that money seized from Brach by police "be applied to the eradication fine and the [criminal] fine." The trial court adopted the probation department's recommendation and imposed probation conditions requiring defendants "jointly and severally" to pay $1,195 for eradication expenses. Defendants accepted the probation conditions without objection or complaint.

## DISCUSSION

Defendants' sole contention on appeal is that the condition of probation requiring them to pay $1,195 in eradication expense must be stricken because the prosecution failed to comply with the provisions of sections 11470.1 and 11470.2.

Under section 11470.1, the government may recover "[t]he expenses of seizing, eradicating, destroying, or taking remedial action with respect to, any controlled substance or its precursors." (§ 11470.1, subd. (a).) "In lieu of a civil action" under section 11470.1, the prosecutor may invoke section 11470.2 in a criminal proceeding and, "upon conviction of the underlying offense, seek the recovery of all expenses recoverable under Section 11470.1." (§ 11470.2, subd. (a).) ■ Sections 11470.1 and 11470.2 together provide "the exclusive remedy for reimbursement of the expenses recoverable under these statutes." (*People v. Narron* (1987) 192 Cal.App.3d 724, 729 [237 Cal.Rptr. 693].)

In this case, the probation reports recommended defendants pay restitution for eradication expenses pursuant to section 11470.2. Under section 11470.2, restitution for eradication expenses can be made a condition of any grant of probation. (§ 11470.2, subd. (a)(2).) But as a prerequisite to the recovery of

such expenses, the prosecutor must file a petition and provide service of process to the defendant. (§ 11470.2, subd. (b).) The defendant may then admit or deny the allegations in the petition. (§ 11470.2, subd. (c).) If the defendant denies the allegations, the matter must be heard promptly after conviction "before the same jury or before a new jury in the discretion of the court, unless waived by the consent of all parties." (§ 11470.2, subd. (d).)

█ There is no dispute that, in the instant case, the People and the trial court failed to comply with the statutory procedure for the recovery of eradication expenses. No petition for eradication expenses appears in the record, and there is no showing defendants expressly consented to forgo their right to have the jury decide the issue.

There is also no dispute that neither defendant objected to the imposition of the condition of probation requiring the eradication expense, nor did either defendant ask that the procedures of section 11470.2 be followed.

The question is whether defendants waived their rights under section 11470.2 by failing to assert those rights in the trial court. █ Claims of error relating to sentences "which, though otherwise permitted by law, were imposed *in a procedurally* or factually *flawed manner*" are waived on appeal if not first raised in the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040], italics added.) For example, the waiver doctrine precludes appellate review in cases where a defendant fails to object to the reasonableness of a probation condition. (*People v. Welch* (1993) 5 Cal.4th 228, 236-237 [19 Cal.Rptr.2d 520, 851 P.2d 802].) The California Supreme Court has explained: "A timely objection allows the court to modify or delete an allegedly unreasonable condition or to explain why it is necessary in the particular case. The parties must, of course, be given a reasonable opportunity to present any relevant argument and evidence. A rule foreclosing appellate review of claims not timely raised in this manner helps discourage the imposition of invalid probation conditions and reduce the number of costly appeals brought on that basis." (*Id.* at p. 235.)

█ Here, the record supports application of the waiver doctrine. The probation reports gave defendants notice that the county sheriff's department was requesting $1,195 for eradication expenses *under section 11470.2*, and that defendants would be required to pay restitution for these expenses as conditions of probation. At sentencing defendants' attorneys stated that each had timely received a copy of the probation report. Notwithstanding these advisements, neither defendant objected to or otherwise challenged the imposition of probation conditions requiring them to pay the restitution amount.

Defendants nevertheless argue that appellate review is not precluded because the trial court's imposition of restitution for the eradication expenses constitutes an "unauthorized" sentence involving a pure question of law. ■ The unauthorized sentence exception is "a narrow exception" to the waiver doctrine that normally applies where the sentence "could not lawfully be imposed under any circumstance in the particular case," for example, "where the court violates mandatory provisions governing the length of confinement." (*People v. Scott, supra,* 9 Cal.4th at p. 354; see also *People v. Welch, supra,* 5 Cal.4th at p. 235.) The class of nonwaivable claims includes "obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings." (*People v. Smith* (2001) 24 Cal.4th 849, 852 [102 Cal.Rptr.2d 731, 14 P.3d 942].)

■ The unauthorized sentence exception is inapplicable here. The trial court had authority to order each defendant to reimburse the county for eradication expenses as a condition of probation. As previously noted, section 11470.2 expressly provides that authority, and the statute was cited in the probation reports. Only the procedural prerequisites for invocation of the statute are lacking. And, as previously noted, the waiver doctrine has been held to apply to procedural errors. (See *People v. Scott, supra,* 9 Cal.4th at p. 354.) Moreover, defendants' claim of error is not the sort of "obvious" and easily correctable error that merits appellate review notwithstanding their failure to object. (See *People v. Smith, supra,* 24 Cal.4th at pp. 852, 854.) Rather, were we to sustain defendants' claims, we would be obliged to remand the matter to the trial court for further proceedings on the issue of eradication expenses.

We are cognizant of the fact that defendants were statutorily guaranteed a jury trial on the issue of eradication expenses "unless waived by the consent of all parties." (§ 11470.2, subd. (d).) But that does not preclude application of the waiver doctrine even though there is no indication defendants personally and expressly waived their statutory right to a trial. This is so for reasons stated by the California Supreme Court's decision in *People v. Vera* (1997) 15 Cal.4th 269 [62 Cal.Rptr.2d 754, 934 P.2d 1279] (*Vera*).

*Vera* involved a defendant's statutory right to a jury determination of the truth of an allegation the defendant had suffered a prior felony conviction and prison term. (*Vera, supra,* 15 Cal.4th at pp. 271-272.) Although the defendant in *Vera* had not personally waived his statutory right to have the jury determine the validity of alleged priors, the trial court discharged the jury and proceeded to conduct a court trial. (*Id.* at p. 272.) The California Supreme Court held the defendant's claim of error on this ground was

precluded on appeal since the defendant had failed to object or otherwise assert his right to have the jury make the requisite determination. (*Ibid.*)

The Supreme Court rejected the argument that it was necessary for the defendant personally and expressly to waive the statutory right to jury trial. (*Vera, supra,* 15 Cal.4th at pp. 277-278.) The court held that "the requirement of an express, personal jury trial waiver relates solely to the jury trial right guaranteed by the Constitution" and not to situations in which the right to trial is merely statutory. (*Id.* at p. 278.) The court explained that since "the deprivation of the statutory right to jury trial on the prior prison term allegations does not implicate the state or federal constitutional right to jury trial," the defendant's claim of ineffectual waiver of the jury trial was precluded on appeal "[a]bsent an objection to the discharge of the jury or commencement of court trial." (*Ibid.*)

As in *Vera,* the jury trial guarantee at issue here is merely statutory and does not implicate defendants' constitutional right to jury trial. Section 11470.2 sets forth a procedure for the recovery of a particular type of restitution: eradication expenses. ■ And there is no constitutional right to a jury trial on issues of restitution. (See *People v. Rivera* (1989) 212 Cal.App.3d 1153, 1160-1161 [261 Cal.Rptr. 93].) Rather, "a defendant's due process rights are protected if he is given notice of the amount of restitution sought and an opportunity to contest that amount; the rigorous procedural safeguards required during the guilt phase, including the right to a jury, are not required." (*Id.* at p. 1161; cf. *People v. Baumann* (1985) 176 Cal.App.3d 67, 79-80 [222 Cal.Rptr. 32]; *U.S. v. Smith* (9th Cir. 1991) 944 F.2d 618, 622 [stating that in the context of restitution, due process is satisfied if defendant has adequate opportunity to present any objections].)[3]

■ Defendants cite language in *People v. Narron, supra,* 192 Cal.App.3d 724, that could be read to suggest that waiver is inapplicable here. *Narron* is not persuasive authority on this point, since it precedes development of the waiver doctrine by our Supreme Court in *People v. Welch, supra,* 5 Cal.4th 228 and *People v. Scott, supra,* 9 Cal.4th 331.

In sum, both defendants had notice and an opportunity to contest the eradication expenses and invoke their statutory rights under section 11470.2. Defendants did not avail themselves of their statutory rights or otherwise

---

[3]In *Vera,* the court noted that the defendant's claim of ineffectual waiver of a jury trial did not constitute a federal due process claim "[s]o long as defendant received a fair court trial on the truth of the prior prison term allegations." (*Vera, supra,* 15 Cal.4th at p. 281.) But, as noted above, due process does not require a formal trial on issues of restitution. Due process was satisfied in the instant case since both defendants had ample notice and opportunity to object to the eradication expenses the trial court ultimately imposed.

contest the eradication expenses. Accordingly, the waiver doctrine precludes appellate review of the eradication expenses imposed as conditions of defendants' probation.

## DISPOSITION

The judgments are affirmed.

Raye, J., and Callahan, J., concurred.

On January 30, 2002, the opinion was modified to read as printed above.