[No. B205875. Second Dist., Div. Three. Dec. 11, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
$10,153.38 IN UNITED STATES CURRENCY, Defendant;
CYRUS CARDAN, Defendant and Appellant.

1522

Counsel

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Victoria B. Wilson and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KLEIN, P. J.**—Cyrus Cardan appeals the judgment (order of forfeiture) entered in forfeiture proceedings under Health and Safety Code section 11470 et seq. related to $10,153.38 seized by the Los Angeles Police Department at the time of Cardan's arrest for possession for sale of cocaine base and marijuana in violation of Health and Safety Code sections 11351.5 and 11359.[1]

Cardan contends reversal is required because the forfeiture proceeding was not tried in conjunction with the underlying criminal offense as required by section 11488.4, subdivision (i)(5). Construing the forfeiture statute strictly, as we must, we conclude the failure to try the forfeiture proceeding in conjunction with the underlying criminal case precludes entry of an order of forfeiture. Consequently, we reverse and remand for further proceedings.

## BACKGROUND

1. *Facts and procedure.*

On January 21, 2003, City of Los Angeles police officers arrested Cardan in the hotel room where he resided and charged him with possession for sale of cocaine base and marijuana. (§§ 11351.5, 11359.) The officers seized 150 grams of cocaine base, 400 grams of marijuana and the $10,153.38 at issue here. While Cardan was in custody awaiting trial on the criminal charges, the People served notice of the right to oppose forfeiture of the funds. (See § 11488.4, subd. (c).) Cardan immediately filed a claim opposing forfeiture of the $10,153.38.[2] A week later, the People filed a petition of forfeiture which alleged the funds were the proceeds of narcotics trafficking within the meaning of section 11470, subdivision (f).

Cardan's criminal case went to jury trial in September of 2003. The People's evidence indicated Cardan sold narcotics from his hotel room. Cardan's defense was that he sold candy, cigarettes and soda from his hotel room and the money seized by the police was the proceeds of those sales, not drug sales. Cardan was convicted as charged and sentenced to prison. The forfeiture action was not tried in conjunction with the criminal case. This court affirmed Cardan's conviction. (*People v. Cardan* (Feb. 28, 2005, B171861) [nonpub. opn.].)

---

[1] Subsequent unspecified statutory references are to the Health and Safety Code.

[2] As a result, the People were unable to process the forfeiture proceedings as an administrative matter. (See § 11488.4, subd. (j) [permitting administrative forfeiture of amounts less than $25,000 unless a claim opposing forfeiture is filed].)

On May 17, 2006, two and a half years after Cardan was sentenced to prison, the People served requests for admission (RFA's) on Cardan which asked Cardan to admit he had abandoned the claim opposing forfeiture of the funds and that this abandonment constituted a waiver of the claim opposing forfeiture. Twenty days later, Cardan responded by filing a "Petition for Return of Property" which alleged the $10,153.38 was seized based on a search warrant issued on false statements, the forfeiture issue was not tried with Cardan's criminal case and the one-year statute of limitations for filing a petition of forfeiture had expired.

> 2. *The trial court rules the RFA's are deemed admitted and grants summary judgment in favor of the People.*

The People filed a motion for an order deeming the RFA's admitted based on Cardan's failure to respond as contemplated by the Civil Discovery Act (Code Civ. Proc., § 2016.010 et seq.). At the hearing on the motion, the prosecutor indicated the People sought discovery in this case in 2003 but Cardan failed to respond. The People served a second set of RFA's in 2006 to give Cardan another chance to respond.

The trial court took the matter under submission and thereafter granted the People's motion. The trial court subsequently granted a motion for summary judgment in favor of the People and entered an order for forfeiture and disbursement of the funds. This appeal followed.

## DISCUSSION

> 1. *Statutory provisions related to forfeiture of drug proceeds.*

■ The procedure for the forfeiture of property connected with unlawful drug transactions is governed by sections 11470 through 11489. Moneys, negotiable instruments, securities, or other things of value which are the proceeds of a drug transaction, or are used to facilitate the violation of controlled substance laws, are subject to forfeiture. (§ 11470, subd. (f).)

Section 11488.4, subdivision (a), requires the district attorney to file a petition of forfeiture with the superior court of the county in which the defendant has been charged with the underlying criminal offense "as soon as practicable, but in any case within one year of the seizure of the property which is subject to forfeiture . . . ." (§ 11488.4, subd. (a).) Thereafter, the burden is on the government to prove the property is subject to forfeiture. (§ 11488.4, subd. (i).)

■ Section 11488.4 provides for different procedures based on the value of the property at issue. Where the property has a value of more than

$25,000, a criminal conviction is not required and the People must prove the property is subject to forfeiture by clear and convincing evidence. (§ 11488.4, subd. (i)(4).)

Where the property at issue has a value of less than $25,000 and a claim opposing forfeiture of the property is filed, the defendant must be convicted in the underlying criminal case and the People must prove the forfeiture issue beyond a reasonable doubt in the same trial. (§ 11488.4, subd. (i)(2), (3); *People v. $31,500 United States Currency* (1995) 32 Cal.App.4th 1442, 1451, fn. 14 [38 Cal.Rptr.2d 836].)

With respect to the trial of a forfeiture proceeding where the property at issue is valued at less than $25,000 and a conviction in the underlying criminal case is required, section 11488.4, subdivision (i)(3), states, "If the defendant is found guilty of the underlying or related criminal offense, the issue of forfeiture shall be tried before the same jury, if the trial was by jury, or tried before the same court, if trial was by court, unless waived by all parties. The issue of forfeiture shall be bifurcated from the criminal trial and tried after conviction unless waived by all the parties." (§ 11488.4, subd. (i)(3).)

Subdivision (i)(5) of section 11488.4, provides: "If there is an underlying or related criminal action, and a criminal conviction is required before a judgment of forfeiture may be entered, the issue of forfeiture shall be tried in conjunction therewith. Trial shall be by jury unless waived by all parties. . . ." (§ 11488.4, subd. (i)(5).)

■   Thus, where the property at issue is valued at less than $25,000 and a conviction in the underlying criminal case is required for forfeiture, section 11488.4, subdivision (i)(3) and (5), requires trial of the forfeiture issue in conjunction with the trial of the underlying criminal case. The provisions further require the forfeiture issue be tried by jury, unless waived, by the same jury or trial court that tried the criminal case, unless waived by all parties, and the trial of the forfeiture issue shall be bifurcated from the trial of the underlying criminal case, unless waived by all parties.

2.   *The failure to try the forfeiture proceeding in conjunction with the criminal case precludes entry of an order of forfeiture.*

a.   *Forfeiture statutes disfavored and strictly construed.*

■   We start with the well-settled proposition that " '[s]tatutes imposing forfeitures are not favored and are to be strictly construed in favor of the persons against whom they are sought to be imposed.' [Citations.]" (*People v.*

*$28,500 United States Currency* (1996) 51 Cal.App.4th 447, 463–464 [59 Cal.Rptr.2d 239].) This disfavor applies "notwithstanding the strong governmental interest in stemming illegal drug transactions . . . ." (*People v. Ten $500 etc. Traveler's Checks* (1993) 16 Cal.App.4th 475, 479 [20 Cal.Rptr.2d 128].)

■ The statutory provisions that apply to the forfeiture of property with a value of less than $25,000 require trial of the forfeiture action in conjunction with the criminal case by the same finder of fact that tried the criminal case. (*People v. Prince* (1996) 43 Cal.App.4th 1174, 1177, fn. 2 [51 Cal.Rptr.2d 138]; § 11488.4, subd. (i)(3), (5).) We conclude the failure to try the forfeiture proceeding in 2003 in conjunction with the underlying criminal case as required by section 11488.4, subdivision (i)(5), resulted in the trial court losing jurisdiction to enter an order of forfeiture in 2007, four years after Cardan was sentenced to prison.

### b. *People's arguments unavailing.*

The People argue the statute cannot be read as requiring trial of the forfeiture proceeding in conjunction with the underlying criminal case because section 11488.4, subdivision (i)(2) and (3) specifically allows waiver of the right to jury trial where the value of the property at issue is less than $25,000. The People assert the maxim that forfeiture is disfavored cannot be used to subvert the plain language of a forfeiture law. (*Mundy v. Superior Court* (1995) 31 Cal.App.4th 1396, 1404 [37 Cal.Rptr.2d 568].) However, the provisions referenced by the People address the right to *jury* trial, not the statutory requirement that the forfeiture proceedings be tried in conjunction with the underlying criminal case. Given that forfeiture of property valued at less than $25,000 requires a criminal conviction, the statute reasonably requires trial of the forfeiture issue by the same trier of fact that heard the criminal trial. The unitary trial provision of section 11488.4, subdivision (i)(5) is intended to conserve scarce judicial assets by obviating the need for a second trial. We perceive no subversion of the intent of the statute.

The People additionally argue section 11488.4, subdivision (i)(3) and (5) can be read together to require a criminal conviction precedent to forfeiture, and that the forfeiture proceeding must be tried in conjunction with the underlying criminal case, *unless waived.* The People note the statutory framework permits waiver of the right to jury trial and waiver of the right to a bifurcated trial. The People assert strict interpretation of the statutory requirement that forfeiture proceedings be tried in conjunction with the criminal case would render the bifurcation language of section 11488.4, subdivision (i)(3) superfluous, an interpretation that should be avoided.

However, the provision for bifurcation of the forfeiture proceedings addresses whether the criminal case and the forfeiture proceedings are tried in a

unitary trial. The statute directs a bifurcated proceeding but permits a unitary trial if all parties consent. Neither the provisions permitting waiver of jury nor the provision directing bifurcation of the forfeiture issue from the criminal case suggests the forfeiture proceedings may be tried other than in conjunction with the trial of the underlying criminal case. This view of the statute does not render the bifurcation language of section 11488.4, subdivision (i)(3) superfluous.

In sum, the failure to comply strictly with the statutory requirement deprived the trial court of authority to enter an order of forfeiture in this case.

c. *The record affirmatively demonstrates error.*

The People contend Cardan failed to present an appellate record that affirmatively demonstrates error, citing *People v. $17,522.08 United States Currency* (2006) 142 Cal.App.4th 1076, 1079 [48 Cal.Rptr.3d 519]. In *People v. $17,522.08 United States Currency* a forfeiture proceeding was tried by the court sitting without a jury. The claimant did not object to this procedure but asserted on appeal she did not knowingly waive the right to jury trial. *People v. $17,522.08 United States Currency* held the claimant forfeited the right to jury trial when the matter proceeded to court trial without objection.

Here, unlike *People v. $17,522.08 United States Currency*, the right to jury trial is not at issue. Nonetheless, the People argue the principle underlying *People v. $17,522.08 United States Currency*, that a claimant has the burden to show error and any uncertainty must be resolved against the claimant, should be applied here. However, the record in this case affirmatively demonstrates the forfeiture proceeding was not tried in conjunction with the underlying criminal case. There is no uncertainty to be resolved against Cardan. Thus, cases requiring an affirmative showing of error such as *In re Raymundo B.* (1988) 203 Cal.App.3d 1447, 1452 [250 Cal.Rptr. 812] and *People v. Green* (1979) 95 Cal.App.3d 991, 1001 [157 Cal.Rptr. 520], are not on point.

The People further argue the record suggests Cardan has waived the right to trial of the forfeiture action in conjunction with the underlying criminal case. The People note Cardan's due process rights were protected because he was given notice of the amount of the forfeiture and was given an opportunity to contest that amount, citing *People v. Brach* (2002) 95 Cal.App.4th 571, 579 [115 Cal.Rptr.2d 753]. However, *Brach* does not assist the People's argument.

In *Brach*, the trial court imposed the costs of eradication under section 11470.1, subdivision (a) as a condition of probation even though the prosecutor failed to file a petition for payment of eradication expenses or have the

matter heard promptly after conviction "before the same jury or before a new jury in the discretion of the court, unless waived by the consent of all parties." (§ 11470.2, subd. (d).) *Brach* concluded the defendants forfeited these statutory rights by failing to assert them in the trial court, citing *People v. Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040], and *People v. Welch* (1993) 5 Cal.4th 228, 235 [19 Cal.Rptr.2d 520, 851 P.2d 802].

In this case, the trial court did not enter an order of forfeiture of the property without objection from Cardan. Thus, *Brach* is inapt.

### d. *The trial of prior prison term allegations not analogous.*

The People next compare the requirement that forfeiture proceedings be tried in conjunction with the underlying criminal case to the statutory right to have prior conviction allegations tried by the same jury that tried the underlying case, which is waived by a failure to object at the time the jury is discharged. (*People v. Saunders* (1993) 5 Cal.4th 580, 590–591 [20 Cal.Rptr.2d 638, 853 P.2d 1093].) According to the People, it follows that the statutory right to a forfeiture proceeding in conjunction with the underlying criminal case is likewise subject to waiver if not brought to the attention of the trial court when the jury is discharged.

We find *bail forfeiture statutes* a more apt analogy. As stated in *People v. Bankers Ins. Co.* (2009) 171 Cal.App.4th 1529, 1532 [90 Cal.Rptr.3d 117], bail forfeiture cannot be effected unless the trial court has strictly complied with the relevant statutory requirements. "Bail forfeiture statutes are jurisdictional and, if not strictly followed, the court loses jurisdiction to later declare a forfeiture of the bond. [Citations.] Because of the ' " ' "harsh results" ' " ' of a forfeiture, 'technical violations' of the bail statutes are not tolerated and will defeat the court's jurisdiction to order a forfeiture. [Citations.] Additionally, the statutory requirements ' "are considered inviolable and do not depend on whether or not a party has suffered prejudice." ' [Citations.]" (*Ibid.*)

██   Consistent with this authority, an order of forfeiture may issue only where there has been strict compliance with the statutory requirements of the forfeiture statute. As has been indicated, section 11488.4, subdivision (i)(5) requires trial of the forfeiture proceeding in conjunction with the underlying criminal case. The failure to comply with this provision prevents issuance of an untimely order of forfeiture.

e. *Evidence indicating Cardan was preparing for trial of the forfeiture proceedings does not alter the result.*

The People note Cardan referred to the forfeiture proceeding in a motion for additional funding filed in 2003 in the underlying criminal case. Cardan indicated in the motion the criminal case and the asset forfeiture proceeding were two separate cases. In the same filing, Cardan stated he and "his opponents are both competing for a favorable judicial decision" in the asset forfeiture case, separate from the underlying criminal case. Further, at the hearing on the motion to deem the RFA's admitted, the prosecutor referred to RFA's propounded in 2003.

The People argue this evidence reveals Cardan's intent to litigate the forfeiture proceeding separately from the underlying criminal case. They also assert it reasonably may be inferred Cardan knew of the right to a forfeiture proceeding in conjunction with the underlying criminal case but made a tactical choice not to assert the right, given that the jury had just convicted him of possession of cocaine base and marijuana for the purpose of sale.

The People's argument mischaracterizes the statutory requirement to try the forfeiture proceeding in conjunction with the underlying criminal case as a right to trial in conjunction with the underlying criminal case. It is not. *The statute requires trial of the forfeiture proceeding in conjunction with the underlying criminal case.* Thus, Cardan's anticipation of a trial of the forfeiture proceeding cannot be seen as a waiver of the statutory procedure that requires trial of the forfeiture proceeding in conjunction with the underlying criminal case.

Any benefit Cardan may have received as a result of the failure to try the forfeiture proceedings in conjunction with the criminal case is not relevant to the issue presented. Cardan was not required to assert the right to trial of the forfeiture proceeding in conjunction with the underlying criminal case. *Rather, the People, the party with the burden of proof, had the responsibility to bring the matter to trial properly and in a timely fashion.* The failure to comply with this statutory requirement precluded entry of an order of forfeiture at any time thereafter.

f. *Discovery in the forfeiture proceedings*

Noting that a continuance of the forfeiture proceeding shall be granted upon motion of the prosecutor or the defendant until after a verdict of guilty has been entered in the criminal case (§ 11488.5, subd. (e)), the People argue that if a defendant requested a continuance of the forfeiture proceedings but refused to waive use of the same jury, the prosecutor would be forced into a civil forfeiture trial without the defendant providing complete discovery.

We decline to address this issue in a vacuum. In any event, notwithstanding a continuance of the forfeiture proceedings, nothing in the statute precludes the prosecutor from conducting discovery during the criminal proceeding.

### 3. *Conclusion.*

We strictly construe the forfeiture statute and its requirement that forfeiture proceedings, such as the one at issue here, be tried in conjunction with the underlying criminal case. (§ 11488.4, subd. (i)(5).) It was the People's burden to bring the forfeiture proceeding to trial in 2003 in conjunction with the underlying criminal case and their failure to do so precludes entry of an order of forfeiture in 2007. We acknowledge that our resolution of the present dispute makes no disposition of the funds at issue. Therefore, the matter will be remanded for further proceedings to resolve this question.

## DISPOSITION

The judgment is reversed and the matter is remanded for further proceedings.

Croskey, J., and Kitching, J., concurred.

Respondent's petition for review by the Supreme Court was denied March 24, 2010, S179688. Baxter, J., was of the opinion that the petition should be granted.