Filed 11/26/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B250709 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA111198) |
| v. | |
| $2,709 UNITED STATES CURRENCY, | |
| Defendant; | |
| DONNA O. BRADFORD | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul A. Bacigalupo, Judge. Affirmed.

David L. Kelly, under appointment by the Court of Appeal, for Defendant and Appellant Donna O. Bradford.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

The People may initiate a civil proceeding to forfeit seized cash or its equivalent connected to drug trafficking. (Health & Saf. Code, §§ 11488.4, subd. (a), 11470, subd. (f).)[1] When the amount to be forfeited is less than $25,000 in value, the property's owner must be convicted of a drug crime and "the issue of forfeiture shall be tried in conjunction" with the related criminal case. (§ 11488.4, subds. (i)(5), (i)(2), (i)(3).) Does the rule requiring simultaneous trial apply when the defendant enters a plea to the criminal charges? We conclude it does not, and affirm the forfeiture of cash in this case.

## FACTUAL AND PROCEDURAL BACKGROUND

After Donna O. Bradford (Defendant) was found in possession of cocaine and $2,709 in cash, the People initiated two proceedings: (1) the People charged her with two felony counts of possessing cocaine for sale (§ 11351.5) and alleged she was on bail at the time of the second count (Pen. Code, § 12022.1); and (2) the People filed a petition in court to forfeit the $2,709 in cash (§ 11488.4, subd. (a); § 11470, subd. (f).)[2] The People served Defendant (through her counsel) with requests for admissions regarding the ownership and use of the cash. The People also served Defendant with written notice that it would seek to bifurcate the upcoming criminal trial in order to litigate the criminal charges and then the civil forfeiture action before the same jury.

Just days before trial, Defendant announced her intention to enter a plea to the criminal charges in exchange for a dismissal of the on-bail enhancement and a sentence of three years' formal probation subject to a suspended, 76-month prison sentence. The trial court asked the parties about the pending forfeiture action, and Defendant's attorney responded that discovery was ongoing and that the plea did "not affect" the forfeiture proceeding. The court then accepted Defendant's pleas.

---

[1]     All further statutory references are to the Health and Safety Code unless otherwise indicated.

[2]     The People instituted administrative forfeiture proceedings, but filed judicial proceedings once Defendant objected to the administrative forfeiture. (*People v. Angeloni* (1995) 40 Cal.App.4th 1267, 1271.)

After six months went by without any response to the People's requests for admission, the People moved to have them deemed admitted under Code of Civil Procedure section 2033.280; the motion was served on Defendant through her counsel. No one appeared for the Defendant at the hearing on the motion, and the court granted it. The People served a notice of ruling.

Approximately two years later, the People moved for summary judgment in the forfeiture proceeding on the ground that the deemed admissions conclusively established Defendant lacked standing to contest the forfeiture, that the cash was used to facilitate her drug crimes and that the cash was proceeds of those crimes. Defendant appeared, and the court appointed the public defender. Defendant opposed summary judgment. The court gave defense counsel time to get up to speed, but ultimately granted the motion after finding that Defendant's prior counsel had been properly notified of the motion to deem the requests admitted, and that the deemed admissions conclusively established the People's entitlement to the property.

This appeal followed.

## DISCUSSION

The civil forfeiture provisions of California law "allow for the seizure and forfeiture of property used for, and proceeds traceable to, unlawful drug transactions." (*People v. $400* (1993) 17 Cal.App.4th 1615, 1618; see generally §§ 11469-11495.) Where, as here, the property to be forfeited is less than $25,000 in cash, there are three key procedural prerequisites to forfeiture, in addition to filing and notice requirements not at issue here: (1) the People must prove beyond a reasonable doubt that the cash is the proceeds of a drug transaction, or was intended to be or was actually used to buy drugs or to facilitate any number of drug crimes (§§ 11488.4, subd. (i)(2), 11470, subd. (f)); (2) the defendant must be convicted of an "underlying or related [drug] offense" that occurred within five years of either the seizure of the cash or the notice of the People's

3

intention to seek forfeiture (§ 11488.4, subd. (i)(3))**3**; and (3) the civil forfeiture action must be "tried in conjunction" with the "underlying or related criminal action" (subd. (i)(5)), in a bifurcated proceeding before the same trier of fact, which is presumptively a jury (subd. (i)(3)).  (See generally *People v. $10,153.58* (2009) 179 Cal.App.4th 1520, 1525 (*$10,153.58*).)  The parties may agree to have the civil forfeiture and criminal actions tried in a unitary proceeding (rather than a bifurcated proceeding) and may agree to have both tried before a judge (rather than a jury), but the parties cannot waive the "statutory requirement" that the civil forfeiture and criminal actions be tried "in conjunction" with one another.  (*$10,153.38,* at pp. 1526-1527, 1529.)

Defendant argues that the trial court lacked jurisdiction to enter the civil forfeiture order in this case because (1) the forfeiture action was "tried" more than two years after she entered her plea, in violation of the statutory mandate that the two actions be "tried in conjunction" with each other; and (2) the court's grant of summary judgment violated her constitutional and statutory right to trial by jury.  (Defendant also asserts in passing that the trial court violated her right to counsel, but that issue is forfeited because not supported by reasoned argument or citation to authority (*City of Huntington Beach v. Public Utilities Com.* (2013) 214 Cal.App.4th 566, 589) and is without merit because no such right exists in forfeiture proceedings (*People v. $30,000 United States Currency* (1995) 35 Cal.App.4th 936, 942-944).)

Our review of these claims is plenary.  The first and second arguments raise questions of statutory interpretation and the second also challenges the constitutionality of the civil forfeiture statutes.  We review each type of claim de novo.  (*Finberg v. Manset* (2014) 223 Cal.App.4th 529, 532 ["We review de novo questions of interpretation and constitutionality of a statute"].)

---

**3**     The requirement that a criminal conviction precede any forfeiture was repealed in 1989, but reenacted in 1994.  (See Stats. 1988, ch. 1492, § 9; Stats. 1994, ch. 314, § 13.)

## I.    Simultaneous Trial

The trial court's duty to try a civil action seeking forfeiture of less than $25,000 in cash "in conjunction" with the underlying or related criminal action is a product of two statutory provisions--namely, subdivisions (i)(3) and (i)(5) of section 11488.4.

Subdivision (i)(3) provides that, as to forfeitures of less than $25,000 in cash, that: "A judgment of forfeiture requires as a condition precedent thereto, that a defendant be convicted in an underlying or related criminal action of an offense specified in subdivision (f) or (g) of Section 11470. . . If the defendant is *found guilty* of the underlying or related criminal offense, the issue of forfeiture *shall be tried* before the same jury, if the *trial* was by jury, or *tried* before the same court, if *trial* was by court, unless waived by all parties.  The issue of forfeiture shall be bifurcated from the criminal trial and tried after conviction unless waived by all the parties." (§ 11488.4, subd. (i)(3), italics added.)

Subdivision (i)(5) provides, in pertinent part, that: "If there is an underlying or related criminal action, and a criminal conviction is required before a judgment of forfeiture may be entered, the issue of forfeiture shall be *tried* in conjunction therewith. Trial shall be by jury unless waived by all parties." (§ 11488.4, subd. (i)(5), italics added.)

Together, these provisions erect a requirement that the defendant "be convicted" of a related drug crime before her property may be civilly forfeited, and specify that the criminal and forfeiture actions (1) "be tried" before the same trier of fact; and (2) "be tried in conjunction" with one another.

Without exception, the plain text of these provisions addresses what must happen when the defendant is to be "tried" or has been "found guilty."  These words make sense only if the defendant has gone to trial on the criminal charges--not if she has entered a plea.  Had the Legislature intended these provisions to apply when a defendant enters a plea, it could have specified that the two actions be "resolved" or "disposed of" "in conjunction" with one another.  It did not, and we must give effect to that choice.

5

What is more, the simultaneous trial requirement is designed to "conserve scarce judicial assets by obviating the need for a second trial." (*$10,153.38*, *supra*, 179 Cal.App.4th at p. 1526.) When a defendant enters a plea, there will be at most one trial; the policy behind subsections (i)(3) and (i)(5) of section 11488.4 is simply not implicated.

To be sure, a global resolution of the criminal and forfeiture actions is certainly to be encouraged. But Defendant's argument that simultaneous resolution is *required* puts the defendant desiring to enter a plea to a difficult choice of (1) agreeing to a settlement of the forfeiture action before discovery is completed, which she might otherwise have rejected in order to take advantage of the pending, favorable plea agreement; (2) rejecting the otherwise acceptable plea agreement and going to trial on the criminal charges because she will be having a trial on the forfeiture action anyway; or (3) at a minimum, postponing the plea until the forfeiture action is ready for trial or settlement, thereby sacrificing speedy resolution of the criminal case (cf. Cal. Const., art. I, § 15 [criminal defendant's "right to a speedy public trial"]; art. I, § 29 [People's "right . . . to a speedy and public trial"]; Pen. Code, § 1382 [statutory speedy trial right]). These options are all unsavory. Not surprisingly, a requirement that a defendant be forced to select from them is nowhere to be found in the language of, or policy behind, section 11488.4.

Defendant offers two further arguments in support of her position. She contends that *$10,153.38* mandates that a forfeiture action be resolved or tried at the same time as a plea to the related criminal case. *$10,153.38* does no such thing. The issue in that case was whether the People could obtain a civil forfeiture order years after the defendant went to trial on, and was convicted of, the related drug charges. (*$10,153.38*, *supra*, 179 Cal.App.4th at pp. 1523-1524.) It did not deal with a defendant who entered a plea. Moreover, as we explained above, the language and policy cited in *$10,153.38* counsel that pleas be treated differently.

Defendant next cites the canon of statutory construction that statutes imposing forfeitures are disfavored. (*People v. $17,522.08 U.S. Currency* (2006) 142 Cal.App.4th 1076, 1081 (*$17,522.08*).) The task of statutory interpretation begins with the statutory

6

text; where, as here, that text is "clear and unambiguous" and consistent with the Legislature's intent, the task ends there as well. (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103; *People v. Garrett* (2001) 92 Cal.App.4th 1417, 1422.) We consequently have no cause and no warrant to resort to any of the canons of statutory construction. (*Baeza v. Superior Court* (2011) 201 Cal.App.4th 1214, 1222 ["'If the language is clear and unambiguous there is no need for construction'"].)

We accordingly hold that a civil action to forfeit less than $25,000 cash need not be tried or otherwise settled at the same time that the criminal defendant enters a plea on the "underlying or related" criminal drug charges.

## II.     Trial By Jury

A person facing civil forfeiture of her property has a constitutional and statutory right to a jury trial. "Trial by jury is an inviolate right" under the California Constitution. (Cal. Const., art. I, § 16.) Section 11488.4, subdivision (i)(5) echoes this right, providing that "[t]rial shall be by jury unless waived by all parties." (§ 11488.4, subd. (i)(5).) But civil forfeiture proceedings are "civil in nature," despite their connection to an ongoing criminal proceeding. (*$17,522.08*, *supra*, 142 Cal.App.4th at p. 1083.)

The right to a jury trial in civil proceedings is different from the right to a jury trial in criminal proceedings. In civil cases, the right may be forfeited through nonassertion or by conduct (Code Civ. Proc., § 631, subds. (a), (f)); in criminal cases, the right must be knowingly and intelligently waived (*People v. Weaver* (2012) 53 Cal.4th 1056, 1071-1072). More to the point, in civil cases the right to jury trial does not ripen "unless there is a genuine issue of material fact suitable for a jury to resolve." (*Etalook v. Exxon Pipeline Co.* (9th Cir. 1987) 831 F.2d 1440, 1447.) This is why courts may grant summary judgment in civil cases without offending the losing party's right to a jury trial (*Kurokawa v. Blum* (1988) 199 Cal.App.3d 976, 991 [summary judgment "does not improperly take away [the] constitutional right to a jury trial"]), and why courts demand strict compliance with summary judgment procedures to avoid infringing that right. (*Bahl v. Bank of America* (2001) 89 Cal.App.4th 389, 395.)

7

The trial court in this case granted summary judgment in the civil forfeiture action. Defendant does not raise any procedural improprieties in the court's handling of the summary judgment motion, or its earlier order deeming admitted the People's requests for admission. As a result, Defendant's right to a jury trial was not violated.

Defendant nevertheless raises two additional arguments, neither of which alters our conclusion. She asserts she was never informed of her right to a jury trial in the forfeiture action; whether or not notice is required, Defendant received it when the People served her with its pretrial notice of bifurcation that spelled out that right. Defendant also suggests that the cash at issue was her tax refund, not drug money. But Defendant never answered the request for admissions and has never asserted that her failure to answer was the "result of mistake, inadvertence, or excusable neglect." (Code Civ. Proc., § 2033.280, subd. (a)(2).) The court's order deeming the requested admissions to be admitted is therefore conclusive and may not be "contested through contradictory evidence." (*St. Mary v. Superior Court* (2014) 223 Cal.App.4th 762, 775; Code Civ. Proc., §§ 2033.280, subd. (c), 2033.410, subd. (a).)

## DISPOSITION

The judgment is accordingly affirmed.

## CERTIFIED FOR PUBLICATION.

_____, J.

HOFFSTADT

We concur:

_____, Acting P.J.

ASHMANN-GERST

_____, J.

CHAVEZ

8