Filed 8/31/20  State of Cal. v. Stabile CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JANICE STABILE,<br><br>    Defendant and Appellant. | 2d Crim. No. B301511<br>(Super. Ct. No. 56-2018-00510522-CU-AF-VTA)<br>(Ventura County) |

Janice Stabile, a convicted marijuana dealer, appeals from the judgment entered in a forfeiture proceeding. (Health & Saf. Code, § 11470 et seq.)[1]  The trial court found that $126,630 hidden in appellant's socks was traceable to unlawful drug sales.  We affirm.  Section 11470, subdivision (f) provides for the forfeiture of money used for and traceable to the sale of controlled substances.  (See *People v. $400* (1993) 17 Cal.App.4th 1615, 1617–1618.)

---

[1] All statutory references are to the Health and Safety Code.

*Facts and Procedural History*

In 2018, appellant was cited for operating an unlicensed marijuana dispensary (Canna Nuts). After appellant tried to bribe the code enforcement officer, the Ventura Police Department made controlled buys and executed a search warrant, recovering among other things, $129,072 cash in socks, hidden inside a suitcase. Appellant admitted the cash was hers and that she was "'fly[ing] under the radar'" by operating an unlicensed marijuana dispensary. In February 2019, a jury convicted appellant of maintaining a place for selling a controlled substance (§ 11366), possession for sale of a controlled substance (§ 11359, subd. (b)), and giving away or transporting, or offering to give away or transport a controlled substance (§ 11360, subd. (b)).

Meanwhile, the Ventura County District Attorney filed a petition for forfeiture (§ 11470, subd. (f)), alleging that the cash was used to facilitate, furnish in exchange for, or was related to the sale of controlled substances.

Appellant claimed the $129,072 was income received from her debt collection business (The Lotus Agency) during the 2012 through 2015 tax years. Appellant, however, admitted that she never received cash in the debt collection business. All the money from the business came in through checks or credit card payments. Appellant's tax returns showed that her net business income between 2012 and 2015 totaled $54,045 and that she kept nominal amounts in the bank accounts. The trial court found that $126,630 seized in cash met the criteria for forfeiture as described in section 11470, subdivision (b) and ordered the money forfeited pursuant to section 11489.

*Substantial Evidence*

Appellant argues that the judgment is not supported by the evidence. We review for substantial evidence, a daunting standard. A reviewing court "'presumes in support of the judgment the existence of every fact the trier [of fact] could reasonably deduce from the evidence.' [Citation.]" (*People v. Edwards* (2013) 57 Cal.4th 658, 715.) It is settled that cash, negotiable instruments, securities, or other things of value which are the proceeds of a drug transaction, or are used to facilitate the violation of controlled substance laws, are subject to forfeiture. (§ 11470, subd. (f); *People v. $10,153.38 in United States Currency* (2009) 179 Cal.App.4th 1520, 1524.)

Appellant stated: "[N]ot one dime was made from the sales of marijuana" and that she kept cash around because "I couldn't use my ATM [card] when I went to like a grocery store or like Office Depot." The trial court did not believe her. It discredited the testimony because appellant's debt collection business generated net profits ranging from $10,012 to $18,197 for the 2012-2015 tax years. Appellant conceded that the tax returns were accurate. Appellant could not afford an annual rent increase in Santa Clarita in 2015 and had to move to Ventura. Appellant did save $1,441 to gift to her grandchildren, but the amount paled in comparison to the $129,000+ hidden in appellant's socks and suitcase.[2] The trial court asked why the

---

[2] Appellant said she saved $1,441 as gift money for the grandchildren and, once a month, withdrew "[a] thousand dollars, sometimes $2,000" from her bank account. "[S]o I'm thinking that might be part of that $129[,000]." The trial court credited that testimony in finding that $129,072 was seized but only $126,630 was being forfeited.

3

money was not kept in a bank account. Appellant said "I wanted to save it. The bank kept asking me to remove it" but failed to explain why the bank asked appellant to withdraw the money from her account.[3] Detective Asa Hagy for the Ventura Police Street Crimes Unit opined that the seized money was drug proceeds that had been used or was being used to facilitate illegal drug trafficking.

On review, we are precluded from reweighing the evidence or second-guessing credibility determinations by the trier of fact. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.) The testimony of a single witness is sufficient to support the judgment. (*People v. Young* (2005) 34 Cal.4th 1149, 1181.) Appellant's tax returns, the manner and location in which the cash was held, Detective Hagy's expert opinion testimony, and appellant's admission that she lacked the income to pay an annual rent increase in 2015 yet kept more than $129,000 on hand for shopping, supports the finding that the money was drug proceeds that had been used or was being used to facilitate the sale or marijuana. (§§ 11470, subd. (f), 11488.4, subd. (i)(4); *People v. Superior Court* (*Plascencia*) (2002) 103 Cal.App.4th 409, 419.)

### Disposition

The judgment (order of forfeiture) is affirmed.

---

[3] At oral argument, appellant adamantly repeated her claims that 1) this was not drug money; 2) she was not lying to the trial court and; 3) this money was her "life savings" and was to be given to her grandchildren.

4

NOT TO BE PUBLISHED.


                                                    YEGAN, J.

We concur:


        GILBERT, P. J.


        TANGEMAN, J.

Paul Baelly, Judge

Superior Court County of Ventura

_____

Janice Stabile, in pro. per., for Defendant and Appellant.

Gregory D. Totten, District Attorney and Thomas Frye, Deputy District Attorney for Plaintiff and Respondent.