Filed 12/15/20

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| THE PEOPLE, | B301344 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA067109) |
| v. | |
| JAIMIE JINKINS, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of Los Angeles County, Denise McLaughlin-Bennett, Judge. Dismissed.

Sarvenaz Bahar, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, David E. Madeo and

Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

––––––––––––––––

Defendant and appellant Jaimie Jinkins appeals the trial court's order denying his motion to modify a $5,100 restitution fine imposed pursuant to Penal Code section 1202.4, subdivision (b)(1).[1]  He contends that the fine was unauthorized because the trial court did not assess his ability to pay at the sentencing hearing or when it ruled on his motion to modify the fine two years later.  Jinkins contends that the trial court's denial of his motion to modify the restitution fine is an appealable order because it is an "order made after judgment affecting the substantial rights of a party" under section 1237.[2]  We conclude that Jinkins's motion requesting that the trial court reduce the restitution fine is a nonappealable order, and dismiss the appeal.

––––––––––––––––

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] On appeal, Jinkins also contends that a corresponding $5,100 parole revocation fine that was imposed and suspended pursuant to section 1202.45 is unauthorized.  Jinkins did not challenge the parole revocation fine in the trial court; however, as the parole revocation fine is set in the same amount as the restitution fine pursuant to statute (§ 1202.45, subd. (a)), a reduction of the restitution fine would necessarily require a reduction of the parole revocation fine.

2

# PROCEDURAL HISTORY

## *Plea and Sentencing*

On February 6, 2017, Jinkins pleaded no contest to assault by means likely to cause great bodily injury (§ 245, subd. (a)(4)), and the allegations that: he personally inflicted great bodily injury to the victim (§ 12022.7, subd. (a)); he acted for the benefit of or at the direction of a criminal street gang (§ 186.22, subd. (b)(1)(A)); and a principal used a firearm in the commission of the crime (§ 12022.53, subds. (b) & (e)). Jinkins agreed to a 17-year sentence with waiver of all earned custody credits, and imposition of a restitution fine and corresponding parole revocation fine of between $300 and $10,000 (§§ 1202.4, subd. (b), 1202.45). At the plea colloquy, the court advised Jinkins that it would impose a restitution fine "ranging from $300 to $10,000. The court typically will impose a minimum restitution fine of $300 a year of incarceration, so it will be 17 times that number." Jinkins stated that he understood.

The trial court then sentenced Jinkins to 17 years in state prison, and imposed various fines and fees including a $5,100 restitution fine (the $300 minimum multiplied by the 17 years of Jinkins's sentence) and a $5,100 parole revocation fine. (§§ 1202.4, subd. (b), 1202.45.) Jinkins did not object to imposition of the fines and fees or request an ability to pay hearing.

***Motion to Reduce Restitution Fine to $200***

On July 8, 2019, Jinkins filed a motion in the Superior Court, seeking to reduce the $5,100 restitution fine to $200, an amount he contended was the statutory minimum.[3] Jinkins contended that *People v. Frye* (1994) 21 Cal.App.4th 1483 (*Frye*), was wrongly decided. In *Frye*, the appellate court held that the trial court did not err in imposing a statutory minimum restitution fine of $200, despite the defendant's statement that he was unable to pay the fine, because in the absence of evidence that the defendant was ineligible for prison work assignment, the court could presume the fine would be paid out of the defendant's prison wages. (*Id.* at pp. 1486–1487.) In so holding, the court reconciled former Government Code section 13967, subdivision (a), which provided that, upon conviction of felony, the court must impose a restitution fine of no less than $200 subject to the defendant's ability to pay, and former section 1202.4, subdivision (a), which provided that, upon conviction of felony, the court must impose a

---

[3] Jinkins made the request that his restitution fine be reduced to $200 pursuant to former Government Code section 13967, which was repealed in 2003. Imposition of restitution fines is now governed by section 1202.4, which requires imposition of a $300 minimum fine for felony convictions. Jinkins's motion appears to have been copied from a motion written in the mid-1990's to early 2000's, as it was based on statutes that had been repealed or amended well before he was sentenced.

restitution fine as provided in Government Code section 13967, subdivision (a), regardless of the defendant's present ability to pay. (*Ibid*.) It interpreted the statutes to require the trial court to consider a defendant's ability to pay when imposing even a minimum restitution fine, but permitted the court to consider the defendant's future financial prospects, including prison wages. (*Ibid*.) The *Frye* court further held that trial courts are not required to make an express determination of a defendant's ability to pay on the record. (*Id*. at pp. 1485–1486.) Jenkins contended that, correctly interpreted, former Government Code section 13967 required the trial court to impose the minimum fine of $200 unless it had evidence before it that the defendant was able to pay a greater fine.

Jinkins argued that the trial court erred in imposing the $5,100 restitution fine in his case, based on its assumption that he could pay the fine using future prison wages. Jinkins asserted that he would not have the opportunity to work in prison, and that it was unlikely he would obtain regular employment after release as he lacked necessary work skills.

Jinkins further contended that his challenge had not been forfeited by counsel's failure to raise it at the sentencing hearing, even if the decision were discretionary. In making his argument against forfeiture, Jinkins contended that *People v. Scott* (1994) 9 Cal.4th 331, which held that a defendant forfeits any challenge to a trial court's discretionary sentencing determinations that the defendant

failed to raise in the trial court, had prospective application only, and was decided after he was sentenced. Moreover, Jinkins argued the trial court's imposition of the restitution fine without first holding an ability to pay hearing constituted an unauthorized sentence that could be challenged at any time.

The People did not oppose Jinkins's motion.

### *Trial Court's Ruling*

The trial court denied Jinkins's motion without holding a hearing to determine his ability to pay. The court construed Jinkins's statutory arguments as "due process claims" based on the claims raised in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).[4] First, it found that Jinkins

---

[4] In *Dueñas*, the defendant requested, and the trial court granted, a hearing to determine her ability to pay a $30 court facilities assessment (Gov. Code, § 70373), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), and a $150 restitution fine (§ 1202.4, subd. (b)), as well as previously imposed attorney fees. (*Dueñas*, *supra*, 30 Cal.App.5th at pp. 1161–1162.) Dueñas presented undisputed evidence of her inability to pay, and the trial court waived the attorney fees. (*Id*. at p. 1163.) However, the court was statutorily required to impose the court facilities assessment and court operations assessment, and prohibited from considering Dueñas's inability to pay as a "'compelling and extraordinary reason[]'" that would permit waiver of the minimum restitution fine. (*Ibid*.) It therefore imposed the assessments and fine despite its finding that

had forfeited his claims: "Consistent with *Dueñas*, a defendant must have, in the first instance, contested in the trial court his or her ability to pay the fines, fees and assessments to be imposed, and at a hearing present evidence of his or her inability to pay the amounts contemplated by the trial court." Second, "because the sentencing judge imposed a restitution fine *above* the statutory minimum, the statutory scheme expressly permitted the judge to take the defendant's ability to pay into account in setting the fine. (See § 1202.4, subd. (c).)" The restitution fine "appear[ed] appropriate, based on the nature of the crimes committed and the sentence imposed."

Jinkins timely appealed. His notice of appeal additionally argued that he was unemployed at the time of his arrest and that prison work would compensate him at a rate of between "$0.8 to $0.18 per hour."

---

Dueñas was unable to pay them. (*Ibid*.) The Court of Appeal reversed, holding that due process requires trial courts to determine a defendant's ability to pay before it may impose the assessments mandated by section 1465.8 and Government Code section 70373, and requires trial courts to stay execution of any restitution fine imposed under section 1202.4, subdivision (b), until it has been determined that the defendant has the ability to pay the fine. (*Id*. at pp. 1172–1173.)

## DISCUSSION

"Generally, once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence. [Citations.] If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed. [Citations.] . . . [¶] There are exceptions to the general rule. A court may recall a sentence and resentence a defendant under certain circumstances within 120 days of the defendant's custody commitment. (§ 1170, subd. (d)(1).) Resentencing is also authorized under the circumstances specified in sections 1170.126, 1170.18, and 1170.95. Courts may correct computational and clerical errors at any time. [Citation.] Unauthorized sentences and ""obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings"" are correctable at any time. [Citations.]" (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084–1085.)

Here, the execution of Jinkins's sentence began before he filed the motion at issue. On appeal, he argues that the sentence was unauthorized under *Dueñas* and section 1237 as an "order made after judgment affecting the substantial rights of the party," and therefore excepted from the general rule that the trial court lacked jurisdiction to rule on his

8

motion, which would require that the appeal be dismissed. Jinkins's claim lacks merit.

"'The unauthorized sentence exception is "a narrow exception" to the waiver doctrine that normally applies where the sentence "could not lawfully be imposed under any circumstance in the particular case," for example, "where the court violates mandatory provisions governing the length of confinement." [Citations.] The class of nonwaivable claims includes "obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings."' (*People v. Brach* (2002) 95 Cal.App.4th 571, 578.)" (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205 (*Turrin*).)

Whether viewed as a due process claim under *Dueñas* (as the trial court saw it) or as a statutory claim (as it appears to this court), Jinkins's contention is based on factual arguments concerning his ability to pay, and does not fall within the exception carved out for unauthorized sentences. The trial court therefore lacked discretion to review the motion.[5] Accordingly, the appeal is dismissed.

---

[5] "Section 1237, subdivision (b), provides that a defendant may appeal '[f]rom any order made after judgment, affecting the substantial rights of the party.' Since the trial court lacked jurisdiction to modify the restitution fines, its order denying [Jinkins's] motion requesting the same did not affect his substantial rights and is not an appealable postjudgment order. (*People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725–1726.)" (*Turrin, supra,* 176 Cal.App.4th at p. 1208.)

## DISPOSITION

The appeal is dismissed.


      MOOR, J.

We concur:


      BAKER, Acting P. J.


      KIM, J.