Filed 3/13/24  P. v. Guinn CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH DAVID GUINN,<br><br>Defendant and Appellant. | F085404<br><br>(Super. Ct. No. CRF66266)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  Douglas C. Boyack, Judge.  (Retired Judge of the Tuolumne County Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench and R. Todd Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Levy, Acting P. J., Snauffer, J. and DeSantos, J.

## INTRODUCTION

Joseph David Guinn, appellant, argues prosecutorial misconduct when the prosecutor, during closing argument, referred to statements made by potential jurors. Appellant further argues the trial court improperly relied on aggravating factors not found true by a jury when imposing an upper term. We affirm the conviction but vacate the sentence and remand the instant case for resentencing pursuant to Penal Code section 1170, subdivision (b).[1]

## PROCEDURAL HISTORY

On May 7, 2021, in a complaint deemed an information, the Tuolumne County District Attorney charged appellant with two counts of lewd acts upon a child under the age of 14 (§ 288, subd. (a)). The information further alleged appellant had a prior serious or violent felony conviction from 2015[2] and prior sexual assault convictions against minors, precluding him from receiving probation.[3]

Appellant admitted the prior conviction allegations in the information. Following a jury trial, appellant was convicted of one count and acquitted of one count of violating section 288, subdivision (a).

On January 27, 2023, the trial court sentenced appellant to the aggravated term of eight years, doubled pursuant to his prior strike conviction on count I, and five years for his prior prison term, for a total of 21 years.

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    Dissuading or intimidating a witness in violation of section 136.1, subdivision (b)(1).

[3]    Two counts each of sodomy of a person under age 16 in violation of section 286, subdivision (b)(2) and oral copulation of a person under age 18 in violation of section 288a, subdivision (b)(1), from 2015.

## STATEMENT OF FACTS

On April 11, 2021, appellant encountered John Doe, who was 12 years old at the time, at a family function in a park. Appellant was a guest of Doe's relative.

At the park, appellant made comments to Doe, which made Doe uncomfortable, about "trying to get with [Doe's] cousin." Later, when the family convened at their home, appellant asked Doe about the length of his penis and made comments that he wanted to "hook up" with Doe, but that he was underage. Appellant then grabbed Doe's penis over his clothing.

Doe told his mother about appellant's conduct, and Doe's mother went to confront appellant. The police were called and ultimately detained appellant at the family home. In an "in-field show-up," Doe identified appellant as the person who had touched him.

## DISCUSSION

### I. The Prosecutorial Misconduct Claim is Forfeited, and Error, If Any, was Harmless

Appellant argues that in closing argument, the prosecutor made various references to statements made by prospective jurors during jury selection about their personal experiences with sexual abuse. Appellant contends these references amounted to prosecutorial misconduct. Appellant further argues that defense counsel's failure to object to these statements amounted to ineffective assistance of counsel. We find the issue forfeited, and the error, if any, harmless.

#### A. Background

During jury selection, several prospective jurors recounted their personal experience with sexual assault. One juror stated he had an 11-year-old niece who was molested about 12 years prior. Another juror worked with a child in kindergarten who was abused. A third juror was abused and did not report it. Another juror stated she was also abused, and she believed it was "partly [her] fault."

In closing, the prosecutor presented the following arguments:

"Counsel, ladies and gentlemen of the jury, there's a couple of what I would call truths that I think anybody in modern day times could agree on.

"One of them is that child molest, lewd acts, they happen, more often than we like to think. And you got a piece of that when the jury was selected and people recounted their experiences. Child molest happens. Grown men touch young boys. [¶] … [¶]

"You know that John Doe told his mom pretty quick. Okay. We already talked about that. There's people that came into this courtroom for this jury trial that had been molested and hadn't told anybody or at least never reported it, so you know that happened. The fact that [John Doe's sister] empowered him or encouraged him—unless you're going to go down the route of this is some kind of conspiracy, it doesn't make any difference what made him finally say. If his sister had to say, you know, 'Boys can be the victims of sexual molest too,' well, we know that. We also know that men react differently or boys react differently. So why he came forward, I submit to you, is not a sign of any conspiracy. [¶] … [¶]

"I mean, John Doe told you that he didn't think that—that men or males could be victims of this. Just like there were people who said, 'I was abused and I was partially at fault.'

"Wow. Someone gets abused and they think they're—because they were at the wrong place at the wrong time. No, no, no, no, no.

"And males can be abused. And it took [John Doe's sister] to tell him."

Appellant did not object to the above arguments.

## B. Legal Standard

" 'A defendant may not complain on appeal of prosecutorial misconduct unless in a timely fashion, and on the same ground, the defendant objected to the action and also requested that the jury be admonished to disregard the perceived impropriety.' [Citation.] A defendant whose counsel did not object at trial to alleged prosecutorial misconduct can argue on appeal that counsel's inaction violated the defendant's constitutional right to the effective assistance of counsel." (*People v. Lopez* (2008) 42 Cal.4th 960, 966.)

" ' "The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. [Citation.]" ' [Citation.] Additionally,

4.

'[i]t is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided.' " (*People v. McCullough* (2013) 56 Cal.4th 589, 593.)

" 'The lack of a timely objection and request for admonition will be excused only if either would have been futile or if an admonition would not have cured the harm.' " (*People v. Hoyt* (2020) 8 Cal.5th 892, 942–943.) "A prosecutor's misconduct violates the Fourteenth Amendment to the United States Constitution when it 'infects the trial with such unfairness as to make the conviction a denial of due process.' [Citations.] In other words, the misconduct must be 'of sufficient significance to result in the denial of the defendant's right to a fair trial.' [Citation.] A prosecutor's misconduct that does not render a trial fundamentally unfair nevertheless violates California law if it involves 'the use of deceptive or reprehensible methods to attempt to persuade either the court or the jury.' [Citations.] [¶] When the issue 'focuses on comments made by the prosecutor before the jury, the question is whether there is a reasonable likelihood that the jury construed or applied any of the complained-of remarks in an objectionable fashion.' " (*People v. Cole* (2004) 33 Cal.4th 1158, 1202–1203.)

Alternatively, "[i]n order to establish a claim of ineffective assistance of counsel, defendant bears the burden of demonstrating, first, that counsel's performance was deficient because it 'fell below an objective standard of reasonableness [¶] … under prevailing professional norms.' [Citations.] Unless a defendant establishes the contrary, we shall presume that 'counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy.' [Citation.] If the record 'sheds no light on why counsel acted or failed to act in the manner challenged,' an appellate claim of ineffective assistance of counsel must be rejected 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation.' [Citations.] If a defendant meets the burden of establishing that counsel's performance was deficient, he

5.

or she also must show that counsel's deficiencies resulted in prejudice, that is, a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " (*People v. Ledesma* (2006) 39 Cal.4th 657, 745–746.)

### C. Analysis

Appellant argues the prosecutor's reference to prospective juror statements during closing arguments amounted to a violation of both state law and his federal due process rights. Appellant asserts that the prosecutor's argument suggested Doe's testimony was credible based on facts not in evidence.

Primarily, we find appellant's failure to object to the prosecutor's statements forfeited the issue on appeal. (*People v. Lopez*, *supra*, 42 Cal.4th at p. 966.) Appellant has not shown that an objection would have been futile or an admonition would not have cured the alleged harm. (*People v. Hoyt*, *supra*, 8 Cal.5th at pp. 942–943.) We further find no state law or federal due process violation, nor ineffective assistance of counsel, because the error, if any, was harmless.

A prosecutor's statements that are attributable to a specific prospective juror can amount to misconduct. (*People v. Freeman* (1994) 8 Cal.4th 450, 517–518 ["If counsel should not address individual jurors by name, they should similarly not quote individual jurors."]) However, " 'it does not follow that such conduct is necessarily prejudicial in any given case.' " (*Id*. at p. 518.)

In *People v. Freeman*, *supra*, 8 Cal.4th 450, our Supreme Court found the prosecutor's reference to a specific juror's statement during closing argument to be error, but found the impropriety harmless. The statement addressed the morality of the death penalty. (*Id*. at p. 517, fn. 10.) "The quotation itself contained nothing improper. Neither the quote nor the argument suggested that the juror, or any juror, should not engage in the required individualized weighing process. We find no reasonable

possibility the complained of comments affected the penalty determination." (*Id*. at p. 518.)

In *People v. Lima* (2022) 80 Cal.App.5th 468, the appellate court found the prosecutor committed misconduct when she quoted individual prospective jurors and argued facts not in evidence based on statements made by prospective jurors. (*Id*. at p. 480.) The error was nonetheless harmless "in light of the overwhelming evidence of guilt adduced at trial." (*Ibid*.) Additionally, the appellate court noted "the trial court instructed the jury that the attorney's arguments were not evidence. We presume the jury understood and followed the court's instructions." (*Ibid*.)

In arguing that "child molest happens" and "males can be abused," the prosecutor in this case was appealing to facts that are " 'common knowledge or drawn from common experiences.' " (*People v. Mendoza* (2016) 62 Cal.4th 856, 908.) Such arguments are well within the prosecutor's purview. In referencing specific prospective juror comments, such as prospective jurors who did not report their abuse, or who said, " 'I was abused and I was partially at fault,' " the prosecutor did not ask the jury not to engage in the required individualized weighing process. Likewise, just as in *Lima*, the jury in this case was instructed that the attorney's arguments are not evidence.[4] We presume the jury followed this instruction. (*People v. Lima*, *supra*, 80 Cal.App.5th at p. 480.)

Appellant argues the prosecutor's references made Doe appear "more credible than other sexual abuse victims" and "especially sympathetic." Whatever nominal effect the prosecutor's comments had on Doe's credibility, we find no reasonable possibility the jury construed or applied the comments in an objectionable fashion. (*People v. Cole*, *supra*, 33 Cal.4th at pp. 1202–1203.) This is further evidenced by the fact that the jury

---

[4]   The trial court instructed the jury on CALCRIM No. 222, stating, "Nothing that the attorneys say is evidence. In their opening statements and closing arguments, the attorneys discuss the case, but their remarks are not evidence."

convicted appellant on only one of two counts of lewd acts upon a child in violation of section 288, subdivision (a). As such, we find the prosecutorial misconduct, if any, harmless.

II.   **The Trial Court Erred in Imposing the Upper Term Based on Aggravating Factors Not Found True by the Jury**

Appellant argues the trial court improperly relied on aggravated factors not found true beyond a reasonable doubt by the jury, when imposing the upper term on count I. We agree, vacate the sentence, and remand the case for resentencing.

**A. Background**

The trial court made the following findings during sentencing:

> "I've struggled over this, but it's my intention to follow the recommendation of the probation officer and decline to strike the strike. So the [c]ourt will consider this as a sentencing with a prior strike, which does double the term, and it adds the five years.

> "And the reason I'm doing that—both sides are entitled to an explanation—I'm just not satisfied that [appellant] appreciates the seriousness of his conduct. And part of that is, he does not—he has repeatedly denied, and this is a two-edged sword. He's denied having done any of this, or any of it to the extent to which it's alleged. He minimizes if any—if he had any inappropriate conduct, it's vastly minimized. And I think that's a factor that the [c]ourt's considering, that well, it is a fact the [c]ourt is considering, that a person who does not recognize the severity, the threat of their conduct—their risk to others of their conduct is far more of a danger to society at large, than someone who says, 'You know, I have a problem, and I'm trying to get some help, and let's see if we can go there.'

> "I'm not getting that at all. And of course, [appellant's] prior record with the—with other juveniles, other youth, including the contributing to the delinquency of a minor charge with three underaged boys.[5] I'm just not seeing that I want to be responsible for having him do anything less than what the law permits me to have him do.

---

**5**     These offenses were not alleged in the information.

"And, of course, there is the dramatic impact on the family. I don't disbelieve the victim for a minute that these things happened, and although they might be on the nearer range of severity in terms of what a [section] 288 offense might have been, its impact on the victim was devastating. And I don't think that any of that has been feigned or exaggerated by him or by his family.

"So the impact on that young man and his family has been devastating. So again, I'm not able to find in my review of the case any real circumstances in mitigation.

"So, [appellant], I'm sorry to a degree that that is the case, but that's where I am on this. So I am going to follow the recommendation of the [p]robation [d]epartment. Let me just recite some of that.… [¶] … [¶]

"For the crime in [c]ount [I], a violation of [s]ection 288 [,subdivision] (a) …, a felony, that probation be denied on the grounds that, among others that I have stated and that are stated in the probation officer's report, which the [c]ourt acknowledges reliance on and adopts, that the probation be denied, the [appellant] be committed to state prison for the aggravated term of [eight] years, doubled, pursuant to … [s]ection 667(b) through (j) for a term of 16 years."

## B. Legal Standard

As amended on January 1, 2022, section 1170, subdivision (b)(1) states "[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." Section 1170, subdivision (b)(2) permits the court to impose a sentence exceeding the middle term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

Generally, "a defendant cannot complain for the first time on appeal about the court's failure to state reasons for a sentencing choice." (*People v. Scott* (1994) 9 Cal.4th 331, 352.) However, "[t]he unauthorized sentence exception is 'a narrow

exception' to the waiver doctrine that normally applies where the sentence 'could not lawfully be imposed under any circumstance in the particular case,' for example, 'where the court violates mandatory provisions governing the length of confinement.' " (*People v. Brach* (2002) 95 Cal.App.4th 571, 578.)

### C. Analysis

As amended, section 1170, subdivision (b) deemed the middle term presumptive, a presumption that is mandatory and that can only be overcome by aggravating circumstances found true beyond a reasonable doubt by a jury or trial court. Although appellant did not object to the sentence, the court could not rely on any aggravating circumstances in imposing the upper term on count I, because no such circumstances were found true by the jury beyond a reasonable doubt in this case. As such, the sentence is unauthorized, and we find the issue was not forfeited and falls within the narrow exception to the waiver doctrine.

Having found the issue is not forfeited, the People concede remand is appropriate. We therefore vacate the sentence and remand the matter for a new sentencing hearing pursuant to section 1170, subdivision (b).

## DISPOSITION

The sentence is vacated and the matter remanded for a new sentencing hearing. The judgment is otherwise affirmed.