Filed 9/19/24  P. v. Dileva CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LAWRENCE MICHAEL DILEVA,<br><br>    Defendant and Respondent. | D083777<br><br><br>(Super. Ct. No. RIF2200513) |

APPEAL from a judgment of the Superior Court of Riverside County, Jeffrey J. Prevost, Judge.  Affirmed.

Michael A. Hestrin, District Attorney, and Janinda Gunawardene, Deputy District Attorney, for the Plaintiff and Appellant.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Respondent.

The People appeal from a judgment imposing an indeterminate term of 15 years to life plus a consecutive determinate term of 10 years against Lawrence Michael Dileva after his guilty plea to second degree murder (Pen.

Code,[1] § 187, subd. (a)) and gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)) with two serious felony and strike priors (§§ 667, subds. (a), (c), (e)(2)(a), 1170.12, subd. (c)(2)(a)).  The People contend that the trial court abused its discretion by considering certain mitigating circumstances set forth in section 1385, subdivision (c) when it struck Dileva's two strike priors under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.  We conclude that the People waived their claim of error by failing to raise it in the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

Because this appeal arises from a guilty plea before a preliminary hearing, there is no evidentiary record of the underlying facts.  According to the probation report, Dileva was driving under the influence of methamphetamine when he crossed over the double yellow lines of a two-lane roadway and crashed into an oncoming vehicle, resulting in the death of the other driver.

Dileva was charged with murder (§ 187) and gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)).  The complaint further alleged that he had suffered two prior convictions for gross vehicular manslaughter while intoxicated in 2009.  These were charged as five-year serious felony priors (§ 667, subd. (a)) and strike priors (§§ 667, subds. (c), (e)(2)(a), 1170.12, subd. (c)(2)(a)).

At a mandatory settlement conference, the defense made efforts to resolve the case, but the People rejected all offers and made no counteroffer.  The defense then sought an indicated sentence from the court.  After both parties presented the details of the case and Dileva's criminal history, the

---

[1]      Undesignated statutory references are to the Penal Code.

court gave an indicated sentence of 15 years to life plus 10 years based on its tentative inclination to grant a defense *Romero* motion to strike the strike priors.

Dileva then filed a *Romero* motion to dismiss his strike priors and the People filed an opposition. In both the motion and opposition, the parties informed the trial court of the correct legal standard for a *Romero* motion. Specifically, the parties agreed that the court "must consider whether, in light of the nature and circumstances of his present felonies and prior . . . convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes] scheme's spirit . . . ." (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).)

In Dileva's motion, he further argued that the trial court should consider the following three mitigating circumstances set forth in recently enacted section 1385, subdivision (c)[2]: (1) "Multiple enhancements are alleged in a single case" (§ 1385, subd. (c)(2)(B)); (2) "The application of an enhancement could result in a sentence of over twenty years" (*id.*, subd. (c)(2)(C)); and (3) "The enhancement is based on a prior conviction that is over five years old" (*id.*, subd. (c)(2)(H)).

---

[2] For all criminal sentencings after January 1, 2022, the Legislature in Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) has provided direction on how trial courts are to exercise their discretion in deciding whether to dismiss sentencing enhancements. Specifically, section 1385, subdivision (c)(1) now provides that "the court shall dismiss an enhancement if it is in the furtherance of justice to do so," and subdivision (c)(2) states that "[i]n exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence" of nine listed "mitigating circumstances," any "one or more" of which "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."

In their opposition papers, the People did not argue that section 1385, subdivision (c) is inapplicable to a *Romero* motion to dismiss strikes under the Three Strikes Law. The People asserted that section "1385(c)(2) now directs the court to consider" and give great weight to the presence of various mitigating circumstances " '*unless* the court finds that dismissal of the enhancement would endanger public safety.' " The People further argued: "Here, although arguably a few of the . . . mitigating circumstances may be present, the danger to public safety far outweighs any of the circumstances."

At the continued mandatory settlement conference after briefing of the *Romero* motion, Dileva entered a guilty plea based on the court's indicated sentence and its agreement to entertain his *Romero* motion. Before taking the guilty plea, the court stated: "One thing I do want to make clear on the record is if the Court, myself, changed my mind with respect to striking the strike priors, you will be allowed to withdraw your plea and proceed as if the plea had never taken place." Based on this understanding, Dileva pled guilty to the charges and admitted the two serious felony and strike priors.

The court then proceeded directly to sentencing and the *Romero* motion. In arguing the *Romero* motion, defense counsel repeated her contention that the court should consider the mitigating circumstances listed in section 1385, subdivision (c)(2). In response, the People again did not contend that these mitigating circumstances were inapplicable to strike priors or a *Romero* motion. Instead, the prosecutor affirmatively urged the court to apply the "endanger public safety" exception of the statute as follows: "1385, subdivision (c), the newest amendment or a new amendment effective last year, shows that the Court should -- shall consider and afford great weight to prove any of the mitigating circumstances, and that finding those mitigating circumstances weighs greatly in favor[] of dismissing the

4

enhancement, unless the Court finds the dismissal of the enhancement would endanger the public safety. The only place that the defendant does not endanger public safety is when he is incarcerated." She elaborated: "1385(c)(2) further explains what 'endangering public safety' means. Endangering public safety there is a likelihood the dismissal of the enhancement would cause other serious injury to others. How do we know this? As we all say, the best predictor of future behavior is past."

In making its ruling on the *Romero* motion, the trial court stated several times that it intended to consider the mitigating circumstances in section 1385, subdivision (c)(2) relied on by the defense. The People did not object that these mitigating circumstances were irrelevant or inapplicable to strike priors. The trial court also stated that it had considered the Supreme Court's decision in *People v. Garcia* (1999) 20 Cal.4th 490, which applied the correct standard set forth in *Romero* and *Williams* and found no abuse of discretion in a trial court's decision to strike five strike priors, in part because the defendant still received a lengthy prison sentence. (*Garcia*, at pp. 496–503.) Citing *Garcia*, the trial court noted "even if the strikes are stricken, that Mr. Dileva will be incarcerated for a very substantial period of time."

After the trial court agreed to strike both strike priors, the prosecutor inquired whether it was "finding that the dismissal of those enhancements would not endanger public safety[.]" The court responded: "Yes, I find that and that, given the fact that Mr. Dileva will be incarcerated for a very substantial period of time, that public safety will not be endangered." The court then proceeded to sentence Dileva to an indeterminate term of 15 years to life plus a consecutive determinate term of 10 years.

5

DISCUSSION

For the first time on appeal, the People argue that the trial court abused its discretion in granting the *Romero* motion by relying on the mitigating circumstances set forth in section 1385, subdivision (c)(2). They rely on the March 2023 holding of *People v. Burke* (2023) 89 Cal.App.5th 237 (*Burke*), which found that this subdivision only applies to enhancements, not strikes under the Three Strikes Law. (*Id.* at pp. 242–244.)

We conclude that the People waived this argument by failing to raise it in the trial court. The People had ample opportunity to object to Dileva's reliance on these mitigating circumstances in their written opposition to the *Romero* motion and in response to defense counsel's arguments and the trial court's comments at the hearing. Yet they failed to do so. Even though *Burke* was decided three months before the People filed their June 2023 opposition to the *Romero* motion, and four months before the July 2023 hearing on the motion, the People never cited *Burke* to the trial court or made this argument. Instead, the People essentially conceded the existence of mitigating circumstances under section 1385, subdivision (c) and asked the trial court to apply the statute's "endanger public safety" exception. In other words, rather than object that the statute does not apply to a *Romero* motion under *Burke*, the People led the trial court to believe that it does apply and that the mitigating circumstances were therefore relevant *unless* a dismissal would endanger public safety.

"As a general rule, only claims properly raised and preserved by the parties are reviewable on appeal." (*People v. Smith* (2001) 24 Cal.4th 849, 852 (*Smith*) [cleaned up].) "In the sentencing context, we have applied the rule to claims of error asserted by both the People and the defendant." (*Ibid.*) This waiver rule specifically applies to any claim that the trial court failed to

6

properly make or articulate its discretionary sentencing choices, including claims that "the stated reasons allegedly do not apply to the particular case . . . ." (*People v. Scott* (1994) 9 Cal.4th 331, 352–353 (*Scott*).)

In their supplemental briefing, the People invoke the "narrow exception to the waiver rule for unauthorized sentences or sentences entered in excess of jurisdiction." (*Smith, supra*, 24 Cal.4th at p. 852 [cleaned up].) An unauthorized sentence is one that "could not lawfully be imposed under any circumstances in the particular case." (*Scott, supra*, 9 Cal.4th at p. 354.) This narrow exception does not apply here. The People cannot genuinely dispute that the trial court had the authority and jurisdiction to strike Dileva's strikes, or that the sentence it imposed after doing so was lawful. Even assuming any error in the court's rationale for striking the strike priors, the trial court did not impose an unauthorized sentence or act in excess of its jurisdiction.

The People also refer to language in *Smith* stating: "In other words, obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings are not waivable." (*Smith, supra*, 24 Cal.4th at p. 852.) Read in context, however, this was just the last sentence of a paragraph devoted entirely to the "narrow exception" for unauthorized sentences or sentences entered in excess of jurisdiction. (*Ibid*.) This isolated sentence was not intended to create an even broader exception to the waiver rule. Also, if we were to grant the relief requested by the People and reverse the trial court's order granting the *Romero* motion, we would have to remand for further proceedings that could result in a full trial, because a condition of Dileva's guilty plea was that he would be permitted to withdraw it if the *Romero* motion was denied. Thus, the trial court's alleged sentencing error is *not* easily correctable on appeal

7

without a remand for further proceedings.  (Cf. *People v. Brach* (2002) 95 Cal.App.4th 571, 578 [defendants' claim of error was "not the sort of 'obvious' and easily correctable error" mentioned in *Smith* because, if sustained, it would require a remand for further proceedings].)

Finally, the People argue that we should "seize this opportunity to rectify an obvious yet correctable legal error" because "[l]eaving this decision undisturbed will set an unhealthy precedent for the trial court, who may commit the same legal error during the sentencing phase in future matters." But the whole purpose of the waiver rule is to encourage parties to bring such obvious errors to the trial court's attention so that they can be corrected without appellate intervention.  (*Smith, supra*, 24 Cal.4th at p. 852; *People v. Saunders* (1993) 5 Cal.4th 580, 589–590.)  The People can easily prevent any such error in the future by making appropriate objections and citing the relevant authority to the trial court.  "Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention."  (*Scott, supra*, 9 Cal.4th at p. 353.)  Accordingly, we conclude that the People have waived the only issue they raise on appeal.

## DISPOSITION

The judgment is affirmed.

BUCHANAN, J.

WE CONCUR:


O'ROURKE, Acting P. J.


CASTILLO, J.

8