Filed 11/18/24  P. v. Burroughs CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL L. BURROUGHS,<br><br>    Defendant and Appellant. | E083535<br><br>(Super.Ct.Nos. FSB023644 & FSB03313)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Michael L. Burroughs, in pro. per.; and Kirstin M. Ault, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Michael L. Burroughs appeals the denial of his request to vacate his unpaid restitution fine under Penal Code section 1465.9[1]. After his counsel filed a no-issue brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), Burroughs filed his own supplemental brief. We affirm.

## BACKGROUND

In 1997 Burroughs pleaded guilty to voluntary manslaughter (§ 192, subd. (a)) and robbery (§ 211). As part of his sentence, the court imposed a restitution fine of $3,200 under section 1202.4.

In 2024 Burroughs filed a motion on his own behalf seeking to vacate unpaid restitution fines and fees under section 1465.9. The court denied his motion without a hearing, holding he did not "identify any specific unpaid 'Court imposed costs' that have been imposed on him," and noting "[a]ctual restitution and restitution fine are not 'Court imposed costs.' "

## ANALYSIS

On Burroughs's request, we appointed counsel to represent him on appeal. Counsel filed a brief declaring they found no arguably meritorious issues to appeal, setting out a statement of the case, and asking us to conduct an independent review of the record.

---

[1] Unlabeled statutory citations refer to the Penal Code.

When appealing from a postconviction order a defendant has no constitutional right to independent review under *Anders/Wende*.[2] (*Delgadillo*, *supra*, 14 Cal.5th at pp. 227, 231.) Nevertheless, the appellate court is to inform the defendant that they may personally file a supplemental brief, and "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) "If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned." (*Ibid.*) "If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter." (*Ibid.*) Here, after appellate counsel filed a brief notifying us Burroughs's appeal presented no arguable issues, we offered Burroughs an opportunity to file a personal supplemental brief, and he did.

Burroughs's supplemental brief argues he was not the actual killer in his voluntary manslaughter conviction, that this means his conviction should be vacated under section 1172.6, and therefore his unpaid restitution fines should also be vacated.

To begin with, we note that Burroughs has not demonstrated that his conviction has been vacated under section 1172.6. Though he has filed petitions under that section, he has not demonstrated that these petitions have been successful or that his convictions have been vacated. Until these motions are successful and Burroughs's conviction is vacated, it is still valid, as is his restitution fine.

---

[2] *Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

Indeed, without some reason to resentence Burroughs, neither we nor the trial court have jurisdiction to modify the restitution fine. (See *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1206-1209 (*Turrin*).) "[G]enerally a trial court lacks jurisdiction to resentence a criminal defendant after execution of sentence has begun. [Citation.]" (*People v. Howard* (1997) 16 Cal.4th 1081, 1089.) While a court retains jurisdiction to correct an unauthorized sentence, this only applies "where the sentence 'could not lawfully be imposed under any circumstance in the particular case.' " (*People v. Brach* (2002) 95 Cal.App.4th 571, 578.) Thus "[a] defendant may not contest the amount, specificity, or propriety of an authorized order of a restitution fine for the first time on appeal [citation] let alone in a motion to modify the same in the trial court after it has lost jurisdiction. . . . The unauthorized-sentence exception to loss of jurisdiction does not apply here." (*Turrin*, at p. 1207.)

Nor does section 1465.9 grant us that jurisdiction, because section 1465.9 does not apply to restitution fines under section 1202.4. Assembly Bill No. 177 (2021-2022 Reg. Sess.; Stats. 2021, ch. 257, § 35) created the current versions of sections 1465.9 and 1202.4. It amended section 1465.9 to render "court-imposed costs" under section 1202.4 unenforceable and uncollectible. However, it simultaneously removed former subdivision (*l*) of section 1202.4, which authorized "a fee to cover the actual administrative cost of collecting the restitution fine," while leaving the rest of the section intact. (Stats. 2021, ch. 257, § 19.) As Assembly Bill No. 177 left the restitution fine scheme intact and removed only that portion which allowed the imposition of costs,

4

section 1465.9 did not render restitution fines in general invalid, unenforceable, or uncollectible.

Accordingly, we affirm the trial court's decision denying Burroughs's request to vacate his restitution fine.

DISPOSITION

We affirm.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
                                                                                    J.

We concur:


CODRINGTON
            Acting P. J.

FIELDS
                    J.

5