Filed 10/18/24  Imuta v. The Wolf Firm CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| YURI IMUTA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>THE WOLF FIRM, ALC et al.,<br><br>    Defendants and Respondents. | B330496<br><br>(Los Angeles County Super. Ct. No. 22LBCV00848) |

        APPEAL from orders of the Superior Court of Los Angeles County, Fumiko Hachiya Wasserman, Judge.  Affirmed.
        Yuri Imuta, in pro. per., Plaintiff and Appellant.
        IDEA Law Group, Jacqueline D. Serrao, for Defendants and Respondents the Wolf Firm, ALC, Alan Wolf, Parnaz Parto, and Kayo Manson-Tompkins.

Respondents the Wolf Firm, ALC, Alan Wolf, Parnaz Parto, and Kayo Manson-Tompkins (collectively, the Wolf attorneys) are attorneys who commenced unlawful detainer proceedings against appellant Yuri Imuta (Imuta) on behalf of a client. Imuta sued them in a separate civil action. The Wolf attorneys filed a special motion to strike the civil complaint pursuant to the anti-SLAPP statute, Code of Civil Procedure, section 425.16.[1] Imuta appeals from orders granting the anti-SLAPP motion and denying her subsequent motion to vacate that order. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**A.   Imuta's Civil Complaint**

In late 2022, Imuta, appearing in propia persona, filed a civil complaint. Although this pleading is unclear, we can discern her grievances arose from a mortgage loan, foreclosure proceedings, and an unlawful detainer case brought against her by U.S. Bank, NA (U.S. Bank). The named defendants included the judge who presided over the unlawful detainer case and U.S. Bank's counsel, the Wolf attorneys. Imuta alleged the Wolf attorneys engaged in wrongdoing by filing the unlawful detainer complaint without an affidavit from U.S. Bank establishing the court's jurisdiction, relying on invalid laws, engaging in abuse, threats, coercion, misrepresentation, fraud, harassment, and deception "to collect a debt where there is no injured party." Imuta further alleged the Wolf attorneys failed to respond to a "jurisdictional challenge with an affidavit," misrepresented themselves as working for a lender, and used an "unfair court

---

[1]    Unless otherwise specified, all statutory references in this opinion are to the Code of Civil Procedure.

process." The civil complaint referred to various "counts" including deprivation of civil rights, failure to follow accounting laws, forgery, wrongful eviction, and wrongful foreclosure.

## B.     The Anti-SLAPP Motion

In December 2022, the Wolf attorneys filed a special motion to strike the complaint (the anti-SLAPP motion) pursuant to section 425.16.  Imuta did not file a written opposition.  Instead, she filed a document entitled "Demand To Strike Defendants' 'Notice Of Appearance' And Motion To Strike As To The Entirety Of The Complaint Filed By The Wolf Firm, A Law Corporation And Its Attorneys From The Record."  In it, she argued that "the corporation and its esquires are legal entities and can't represent themselves."  She also made several arguments at the hearing.  First, the Wolf Firm could not represent itself.  Second, "[t]here was no trial by jury."  Third, she was granted an "extension" to file an amended complaint, in which she planned to include "facts supporting that these defendants' actions are not protected by the Anti-Slapp statute."  Fourth, the Wolf attorneys failed to meet and confer before filing the motion.

The trial court granted the motion and issued an order (the anti-SLAPP order) striking the causes of action against the Wolf attorneys, denying leave to amend the complaint, and dismissing the complaint against the Wolf attorneys with prejudice.  Subsequently, Imuta filed a motion to vacate the anti-SLAPP order, which was denied.

Imuta appeals from the order denying the motion to vacate and the anti-SLAPP order.

## DISCUSSION

### A. Governing Law

Section 415.16 "provides a procedure for weeding out, at an early stage, *meritless* claims arising from protected activity." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384, italics in original.) "'The Legislature enacted section 425.16 to prevent and deter "lawsuits [referred to as SLAPPs] brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (§ 425.16, subd. (a).) Because these meritless lawsuits seek to deplete "the defendant's energy" and drain "his or her resources" [citation], the Legislature sought "'to prevent SLAPPs by ending them early and without great cost to the SLAPP target'" [citation]. Section 425.16 therefore establishes a procedure where the trial court evaluates the merits of the lawsuit using a summary-judgment-like procedure at an early stage of the litigation. [Citation.] In doing so, section 425.16 seeks to limit the costs of defending against such a lawsuit.' [Citation.]" (*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism* (2018) 4 Cal.5th 637, 642.)

"A cause of action arising from a person's act in furtherance of the 'right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability' that the claim will prevail." (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788, citing § 425.16, subd. (b)(l).) Anti-SLAPP motions are evaluated through a two-step process. "First, the defendant must establish that the challenged claim arises from activity protected by section 425.16.

4

[Citation.]  If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success." (*Baral v. Schnitt, supra*, l Cal.5th at p. 384.)  We review the trial court's decision to grant the anti-SLAPP motion de novo.  (*Monster Energy Co. v. Schechter, supra*, 7 Cal.5th at p. 788.)

## B.    Contentions of Error and Forfeited Matters

Although the notice of appeal lists the anti-SLAPP order and the order denying the motion to vacate, the latter order is not discussed in the opening brief except as part of the procedural history.  The order is presumed to be correct, and because Imuta has not raised any claim of error regarding the motion to vacate that is supported by citations to legal authority[2] and factual analysis, we conclude she has forfeited any claim of error regarding this order.  (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656.)

As for the anti-SLAPP order, the opening brief's "Statement of the Issues" sets forth two claims of error.  First, the trial court erred in dismissing all causes of action against the Wolf attorneys without leave to amend while an amended complaint "was still pending."  Second, the trial court "rul[ed] prematurely based on [an] incomplete, underdeveloped record," and by doing so,

---

[2]    Imuta's motion to vacate did not identify the sections of the Code of Civil Procedure upon which it was based.  The trial court treated the motion as one filed under section 473, subdivision (b) (relief from an order due to a party's "mistake, inadvertence, surprise or excusable neglect," and section 1008, subdivision (a) (motion to revoke an order based upon "new or different facts, circumstances, or law").

5

violated her constitutional rights.  We limit our review to these arguments.

The other arguments Imuta attempts to raise are forfeited. She contends the trial court failed to hold her complaint to "less stringent standards than those drafted by attorneys."  However, she did not make this argument in the trial court.[3]  Imuta also contends the trial court erred in relying on hearsay  and taking judicial notice of certain facts and documents offered by the Wolf attorneys.  However, she did not raise objections to this evidence below.  These arguments, made for the first time on appeal, are forfeited. (*Kime v. Dignity Health, Inc.* (2024) 101 Cal.App.5th 708, 721 [arguments not raised in opposition to a motion below were forfeited]; *Roe v. Halbig* (2018) 29 Cal.App.5th 286, 309–310 [failing to object to hearsay statements in a declaration below waived objection on that basis].)

## C.     Order Granting the Anti-SLAPP Motion

Imuta argues the trial court erred in granting the anti-SLAPP motion because an amended complaint "was still pending."  The case, she argues, "was not yet mature enough" to determine whether the Wolf attorneys' activities were protected under section 425.16 and whether such activities were incidental or collateral to her causes of action.  She contends that granting

---

[3]     Imuta is also incorrect about the standards that apply to unrepresented litigants. A party appearing in propia persona is entitled to the same, but no greater, consideration than other litigants and attorneys and is held to the same rules of procedure as an attorney.  (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267.)

of the motion interfered with her right to a jury trial. We disagree.

The record does not support Imuta's contention that an amended complaint was pending before the anti-SLAPP motion was filed on December 30, 2022. Imuta asserts she expressed her intention to file an amended complaint in a stipulation filed on December 29, 2022. However, she concedes the stipulation is "missing" from the record. Indeed, the Superior Court's case register shows that no such stipulation was filed, and further, no motion for leave to file an amended complaint was pending when the anti-SLAPP motion was filed.

Even if Imuta intended to file an amended complaint later, the Wolf attorneys were entitled to a ruling on the merits of their anti-SLAPP motion concerning the *original* complaint. A plaintiff may not avoid a challenge under section 425.16 by amending the complaint before the motion is heard. (*Salma v. Capon* (2008) 161 Cal.App.4th 1275, 1280 (*Salma*).) If this were allowed, "'[i]nstead of having to show a probability of success on the merits, the SLAPP plaintiff would be able to go back to the drawing board with a second opportunity to disguise the vexatious nature of the suit through more artful pleading. This would trigger a second round of pleadings, a fresh motion to strike, and inevitably another request for leave to amend.'" (*Id.* at p. 1294, quoting *Simmons v. Allstate Ins. Co.* (2001) 92 Cal.App.4th 1068, 1073 (*Simmons*); *Sylmar Air Conditioning v. Pueblo Contracting Services, Inc.* (2004) 122 Cal.App.4th 1049, 1056 [defendant was entitled to have trial court address merits of anti-SLAPP motion as to initial complaint, notwithstanding filing of an amended complaint].) This "would undermine the legislative policy of early evaluation and expeditious resolution of

claims arising from protected activity." (*Salma, supra*, 161 Cal.App.4th at p. 1294, citing *Simmons, supra*, 92 Cal.App.4th at p. 1073.) Accordingly, the trial court did not err in ruling on the anti-SLAPP motion without considering what Imuta might allege in a future amended complaint.

Imuta contends that if the trial court had allowed her to file an amended complaint, it would have "seen a major conflict" between her contentions and the Wolf attorneys' contentions. However, once the Wolf attorneys met their burden of establishing the claims in the complaint arose from protected activity, the burden shifted to Imuta to make a prima facie showing of facts supporting a judgment in her favor, and she was required to submit *declarations* stating facts upon which liability is based. (*HMS Capital, Inc. v. Lawyers Title Co.* (2004) 118 Cal.App.4th 204, 211, 212; § 425.16, subd. (b).) She could not "rely on the allegations of the complaint" but was required to "produce evidence that would be admissible at trial." (*Id.* at p. 212.) Imuta filed no declarations, leaving the trial court with no basis for a finding that her claims had a probability of success. Allegations in an amended complaint would have been insufficient to carry her burden, and thus, would not have compelled a ruling in her favor.

Accordingly, Imuta has failed to demonstrate the trial court erred in granting the anti-SLAPP motion.

## D. Right to a Jury Trial

Imuta contends that she was deprived of her right to a jury trial. She has not cited any California decisions holding that an order granting a motion under section 425.16 violates a plaintiff's right to a jury trial. Indeed, California cases reach the contrary

8

conclusion.  "[I]n civil cases the right to jury trial does not ripen 'unless there is a genuine issue of material fact suitable for a jury to resolve.'  [Citation.]"  (*People v. $2,709 United States Currency* (2014) 231 Cal.App.4th 1278, 1285.)  "Section 425.16 does not impair the right to a trial by jury because the trial court does not weigh the evidence in ruling on the motion, but merely determines whether a prima facie showing has been made which would warrant the claim going forward."  (*Moore v. Shaw* (2004) 116 Cal.App.4th 182, 194.)  "Whether or not the evidence is in conflict, if the plaintiff has presented a sufficient pleading and has presented evidence showing that a prima facie case will be established at trial, the plaintiff is entitled to proceed."  (*Ibid.*)

Here, Imuta did not refute the Wolf attorneys' showing that her claims against them arose from protected conduct, and she offered no admissible evidence to show she could make a prima facie case.  Because she has not shown any error in the trial court's ruling, her right to a jury trial never ripened and hence, could not have been violated.

## DISPOSITION

The judgment is affirmed.  Respondents are awarded their costs on appeal.


MORI, J.

We concur:



CURREY, P. J.



ZUKIN, J.